UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRENCE BOOKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00351-JPH-MJD |
| | ) | |
| B. LAMMER, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Dismissing Petition for Writ of Habeas Corpus, Denying Motion to Amend, and Directing Entry of Final Judgment**

Before the Court is Terrence Booker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Booker's petition is premised on the COVID-19 pandemic, and he purports to seek home confinement pursuant to § 2241. He has also filed a motion to amend wherein he asks permission to assert a claim under the Administrative Procedure Act.[1] Dkt. 4. For the following reasons, Mr. Booker's petition is dismissed.

**Legal Standard**

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of

---

[1] Mr. Booker's motion to amend includes a document entitled "Motion for Injunctive Relief Pursuant to the Administrative Procedure Act." Dkt. 4 at 2. This motion is not one for injunctive relief. Rather, Mr. Booker asks the Court "to allow his APA claim to proceed." *Id.*

1

detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *See Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . ., we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

**Discussion**

In response to the pandemic, the Bureau of Prisons (BOP) has taken steps to protect the health of inmates and staff. This includes, where determined suitable by BOP, the transfer of inmates to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate.

134 Stat. at 516 (CARES Act § 12003(b)(2)). The CARES Act expands the powers of the Attorney General and the Director of the BOP, but not the courts. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (holding that the district court lacks authority to transfer an inmate to home confinement; instead, "the [BOP] (and, under the CARES Act, the Attorney General) has plenary power over its inmates' placement").

Mr. Booker seeks to challenge the denial of his request for placement on home confinement. Dkt. 1 at 3-4; dkt. 4 at 2. Although Mr. Booker seeks to be transferred to home

confinement, he does not allege that his custody violates the Constitution. Rather, he challenges the conditions of his confinement and the process by which his request for home confinement was denied. He specifically asks the Court to grant "a modification in sentence in the form of home confinement immediately." Dkt. 1 at 5.

A habeas petition is not the appropriate avenue to challenge prison conditions. *Robinson* 631 F.3d at 840-41. "While COVID-19 has created new challenges, a request for home confinement does not attack the duration or fact of confinement, only a condition (its location), making § 2241 an improper route." *Savage v. Warden of FCI Pekin*, No. 1:20-CV-1181, 2020 WL 4060768, at *2 (C.D. Ill. July 20, 2020) (citing *Maday v. Fluke*, No. 20-CV-343, 2020 WL 2769486, at *1 (W.D. Wis. May 28, 2020) (holding that § 2241 claim alleging prison was not enacting adequate safety measures against COVID-19 given his health conditions must be dismissed because the petitioner did not challenge the lawfulness of the sentence). In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

## Conclusion

Mr. Booker's habeas petition is summarily dismissed pursuant to Rule 4 because he is not challenging "the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Because Mr. Booker's motion to amend, dkt. [4], seeks only to assert a procedural argument against the BOP's decision to deny his request for home confinement, it also does not fall within § 2241 and must be **denied**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

TERRENCE BOOKER
10263-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808